# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DEREK RAULERSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:17-CV-1966-VEH |
| | ) |
| **NEW SOUTH EXPRESS, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a civil action filed by the Plaintiff, Derek Raulerson, against Elwood Staffing Services, Inc. ("Elwood") and New South Express, LLC. ("NSE"), his former joint employers. (Doc. 25). The Second Amended Complaint alleges that, after the Plaintiff complained about the Defendants' alleged discrimination against his co-employees, the Defendants retaliated against him in violation of the Americans with Disabilities Act, 42 U.S.C. §§12101-12213 (the "ADA"). The case comes before the Court on the Defendants' Motion To Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted (the "Motion"). (Doc. 26). For the reasons stated herein, the Motion will be **GRANTED**.

## I. STANDARD

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most

2

favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

**II. ANALYSIS**

In the previous Complaint (the Amended Complaint), the Plaintiff alleged that the Defendants discriminated against employees based on pregnancy and disability and that he was retaliated against by the Defendants after he "complained repeatedly of these discriminatory practices." (Doc. 6 at 3). The Plaintiff's discrimination claim was brought only pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17 ("Title VII").

In its previous opinion, this Court wrote:

> Title VII, as amended by the [the Pregnancy Discrimination Act (the "PDA")], provides a cause of action for retaliation in response to the Plaintiff's complaints of discrimination based upon pregnancy. There is, however, no Title VII claim for the Defendant's alleged retaliation against the Plaintiff for his complaints of disability discrimination. Any such claim should have been made under the [ADA]. Therefore, as currently pleaded, the Amended Complaint does not set out a claim for retaliation in response to the Plaintiff's complaints of disability discrimination.

(Doc. 24 at 9-10). Furthermore, the Court wrote:

> The EEOC charges filed by the Plaintiff allege only one instance of protected activity–the Plaintiff's complaint regarding "a <u>disabled</u> candidate for employment [who] was discriminated against by the Sr. Human Resource Representative on February 11, 2016." (Doc. 11-1 at 2; doc. 11-2 at 2) (emphasis added). The Defendants argue that the

3

pregnancy discrimination claim must be dismissed because neither EEOC charge filed by the Plaintiff in this case mentions complaints regarding pregnancy, or retaliation against the Plaintiff for making such complaints.

(Doc. 24 at 11) (emphasis in original). The Court agreed with the Defendants and held that any claims of retaliation based upon the Plaintiff's alleged reporting of pregnancy discrimination were barred. (Doc. 24 at 10). The Court granted the motion to dismiss, but wrote:

> However, the Court holds that the EEOC's investigation of the allegations in the charges would have covered a claim under the ADA for retaliation. Accordingly, the Plaintiff will be given one additional opportunity, **consistent with the holdings in this opinion**, to amend his Complaint to add an ADA claim.

(Doc. 24 at 20-21) (emphasis in original).

The Second Amended Complaint, filed on May 11, 2018, contains factual allegations regarding the Defendants' alleged discrimination against pregnant employees, and the Plaintiff's complaints regarding same. (*See* doc. 25 at 7-8, ¶¶35-38). The Defendants argue that any claims based on these allegations should be dismissed. For the reasons stated in this Court's previous opinion, the Motion will be granted to that extent.[1]

---

[1] Furthermore, the Second Amended Complaint alleges only a violation of the ADA. As discussed in the Court's previous opinion, retaliation based on complaints of pregnancy discrimination is actionable under Title VII.

The Defendants move to dismiss any retaliation claims based upon facts other than the one allegation of disability discrimination set out in the Plaintiff's EEOC charges. In response, the Plaintiff argues only that

> a reasonable inquiry into the circumstances and claims asserted in Plaintiff's EEOC Intake Questionnaire would have included, and did include, an investigation regarding Plaintiff's claims related to his complaints about the treatment of pregnant employees. These claims were part of the EEOC's investigative process, and therefore, administrative remedies have been exhausted as it relates to the claims.

(Doc. 27 at 4). For the reasons stated in this Court's previous opinion (*see* doc, 24 at 13-16), the Plaintiff cannot rely on the Intake Questionnaire.[2] All retaliation claims based on the Plaintiff's complaints of discrimination, except those specifically set out in his EEOC charges, will be dismissed.

## III. CONCLUSION

For the reasons stated above, the Motion is **GRANTED**. All claims in the Second Amended Complaint, except the ADA retaliation claims based upon the facts specifically set out in the Plaintiff's EEOC charges, are **DISMISSED with prejudice**.

---

[2] The Plaintiff makes this same argument as to the pregnancy discrimination claims. It fails for this same reason.

**DONE** and **ORDERED** this 24th day of July, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge